HERMAN J. KING *vs.* OWEN HOWARD.

Where an agreement was made for the loan of fifty dollars, for one week, for the sum of two dollars to be paid as interest therefor; and, at the expiration of the week, the lender agreed to allow the loan to remain, on condition that the bor rower would pay therefor at the rate of two dollars a week, for so long a time as the loan should remain unpaid; and, in pursuance of this agreement, the borrower paid two dollars a week for twenty-four weeks, and brought an action on the Rev. Sts. c. 35, § 3, to recover threefold the amount of interest so paid; it was held, that he was a competent witness, under § 4, both to the original agreement and to the subsequent payments.

Where the plaintiff recovered a verdict for a trifling amount more than the facts alleged in his declaration would entitle him to, the court refused to set aside the verdict, and order a new trial, for the correction of the error, provided the plaintiff would release the excess from the amount of his judgment.

Duplicity in pleading can only be taken advantage of by special demurrer; and, special demurrers being abolished, this objection cannot now be maintained.

THIS was an action of debt, on the Rev. Sts. c. 35, § 3, to recover threefold the amount of interest, alleged to be usurious, paid by the defendant to the plaintiff.

The declaration contained two counts. The first count stated, that, on the ninth of June, 1845, the plaintiff applied to the defendant for a loan of fifty dollars, for a week; that the defendant offered to make the loan accordingly, for the sum of two dollars, to be paid him by the plaintiff, by way of interest therefor; that the plaintiff assented to this proposal, and made and delivered to the defendant his promissory note for fifty dollars, payable in one week; that the defend-

12 *

ant thereupon delivered the plaintiff the sum of forty-eight dollars, reserving the sum of two dollars, as the interest; that, on the sixteenth of June, when the note became due, the defendant agreed with the plaintiff, to allow the note to remain, on condition that the plaintiff would pay him the sum of two dollars a week, by way of interest, for each and every week the loan should remain unpaid; and that the plaintiff paid the defendant, in pursuance of this agreement, two dollars a week for interest on the loan for twenty-four weeks, the first payment being made on the day the note became due; amounting in all to the sum of fifty dollars, for interest on the sum of fifty dollars, for the term of twenty-five weeks, being interest thereon at a greater rate than that allowed by law; by reason whereof, the plaintiff became entitled to recover of the defendant threefold the amount of the interest so paid, amounting to the sum of one hundred and fifty dollars. The second count contained a general statement of the same cause of action. The defendant pleaded the general issue, and the cause was tried thereon, before *Colby*, J., in the court of common pleas.

The plaintiff offered himself as a witness, under the fourth section of the statute, for the purpose of proving the contract, and the payment of the usurious interest. The defendant objected; 1. That the plaintiff ought not to be admitted as a witness, because it was not alleged in the declaration, that the sum of two dollars, which was agreed to be reserved or paid, at the inception of the contract, had been paid; and, 2. That the plaintiff, if admitted as a witness to prove the original contract, could not be allowed to testify to the subsequent payments of two dollars a week, agreed upon after the original contract was made.

The defendant also objected to the declaration, that it set forth more than one contract between the parties; and that it did not set forth that the note for fifty dollars had ever been paid.

The court overruled all the objections, and the jury returned a verdict for the plaintiff. The defendant, thereupon, filed exceptions.

*W. Brigham*, for the defendant.   1.  The declaration does not aver, that the sum of two dollars has been paid by way of interest for the first week.   When the note became due, at the end of the week, the plaintiff paid two dollars; but this was in pursuance of the new agreement which was then made, by which the payment of the note (including the two dollars) was conditionally postponed, so long as the plaintiff should pay for the forbearance, at the rate of two dollars a week ; and, as it is not averred, that the note has ever been paid, it consequently does not appear, that the first week's interest has ever been paid.

2.  It does not appear, from the terms of the original contract, that the twenty-four payments made subsequent thereto were then in the contemplation of the parties.   Those payments therefore must either be considered as voluntary, and so not usurious; or as having been made in pursuance of subsequent promises, and thus directly within the authority of the case of *Brickett* v. *Minot*, 7 Met. 291.   In either case, the plaintiff was not a competent witness, under the statute ; those twenty-four payments not being of interest *reserved* by the original contract or *taken* in pursuance of it.

3.  The declaration is insufficient, in not setting forth the transactions between the parties, with the requisite precision. It should state whether the note had been paid, and how much the plaintiff demanded to recover on each contract. In *Livermore* v. *Boswell*, 4 Mass. 437, Parsons, C. J., says that, "in usury, the illegal contract must be precisely set forth and proved."

The declaration is also bad, for setting out twenty-five distinct contracts, and attempting to consolidate them into one.   *James* v. *Shore*, 1 Stark. R. 426.   Where there are two or more distinct special contracts, it will be a fatal misdescription, if the plaintiff, in his declaration, blend them together, and treat them as one.   1 Chitty on Pleading, 337.

*F. W. Sawyer*, for the plaintiff.   The plaintiff was clearly admissible as a witness, under the statute ; the question

whether illegal interest had been reserved and taken being put in issue by the pleadings.

The declaration does not set out twenty-five contracts, but one only ; the whole amount of interest was paid on one note ; interest was agreed for at the rate of two dollars a week ; and all the payments were made in pursuance of that agreement. In *Smith* v. *Northrup,* 1 Root, 387, in which the defendant wrote, at the bottom of a note signed by himself, a promise to pay the interest on the note, the court said the engagement to pay the interest was no more than the law implied without it. The cases of *Commonwealth* v. *Tuck,* 20 Pick. 359, which was an indictment for breaking and entering with intent to steal, and stealing, and *Commonwealth* v. *Eaton,* 15 Pick. 274, in which the indictment was for offering to sell and selling a lottery ticket, are somewhat analogous. The objection taken to the declaration is, that it sets out more than one contract, in other words, that it is bad for duplicity. But this can only be taken advantage of by special demurrer ; (*Smith* v. *Northrup,* above cited ; *Saunders* v. *Crawley,* 1 Rol. R. 112 ; *Otis* v. *Blake,* 6 Mass. 336 ;) and, in this case, the suggestion was not made, until after the general issue had been pleaded and joined.

WILDE, J. This is an action of debt to recover threefold the amount of the interest paid by the plaintiff to the defendant in pursuance of a usurious contract. The plaintiff at the trial was admitted to testify, the defendant objecting, and the court are of opinion, that he was rightly admitted, in conformity with the fourth section of the Rev. Sts. *c.* 35. The question, whether unlawful interest had been taken, was put in issue by the pleadings. The declaration alleges, that the whole sum of fifty dollars was paid by the plaintiff to the defendant, as interest on the sum lent. It is true, that it is also alleged in the declaration, that when the loan was first made, the plaintiff gave his note to the defendant for the sum of fifty dollars, and that the defendant thereupon delivered to the plaintiff the sum of forty-eight dollars, reserving the sum of two dollars as interest on said sum. How the

fact was does not appear, for the evidence is not reported. But, however this may be, the sum is trifling, and if the plaintiff will release six dollars from the amount of his judgment, there can be no reason for granting a new trial to correct this error.

The defendant's counsel rely on the case of *Brickett* v. *Minot*, 7 Met. 291. But there is a material distinction between that case and this. In that case, no usurious contract was set out in the declaration. The contract set out was for the payment of lawful interest only, and the averment was, that the plaintiff had afterwards paid to the defendant unlawful interest, from time to time; but it was not averred, that these payments were made in pursuance of any contract or agreement. And that case was decided on the ground, that no such usurious contract or agreement was set out in the declaration, and that the payments were to be considered as voluntary. In the present case, all the payments of interest are alleged to have been in pursuance of a previous agreement.

Another exception was taken to the ruling of the court at the trial. The defendant objected to the declaration for duplicity, and this objection was overruled, and we think rightly; for duplicity can be taken advantage of by special demurrer only, according to a well known rule of pleading; and now, special demurrers being abolished, this objection cannot be maintained in any case.

But if the declaration were insufficient, the defendant cannot except to the ruling of the court, as he may have the same advantage of his objection on a motion in arrest of judgment. If a declaration is clearly bad, the court may express an opinion of its defect, that the plaintiff may have an opportunity to move for leave to amend; but this is within the discretion of the court, and is not liable to exception.

*Exceptions overruled.*